**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:16-CR-123- |
| | § | ALM |
| CYNTHIA VANESSA SUAREZ (1) | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant Cynthia Vanessa Suarez's ("Defendant") supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on June 7, 2021, to determine whether Defendant violated her supervised release. Defendant was represented by Brian O'Shea of the Federal Public Defender's Office. The Government was represented by Lesley Brooks.

Defendant was sentenced on December 12, 2017, before The Honorable U.S. District Judge Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of Felon In Possession Of A Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 16 and a criminal history category of IV, was 33 to 41 months. She was subsequently sentenced to 33 months imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; substance abuse testing and treatment; mental health treatment; you must acquire a General Educational Development (GED) certificate; and a $100 special assessment. On October 10, 2019, she completed her period of imprisonment and began service of the supervision term. On November 20, 2019, this case was reassigned to U.S. District Judge Amos L. Mazzant, III.

On May 17, 2021, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 62, Sealed]. The Petition asserts that Defendant violated nine (9) conditions of supervision, as follows: (1) You must refrain from any unlawful use of a controlled substance; (2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed; (3) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change; (4) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change; (5) You must participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing; (6) You must participate in any combination of psychiatric, psychological, or mental health treatment programs and follow the rules and regulations of that program, until discharged. This includes

taking any mental health medication as prescribed by your treating physician. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing; (7) You must follow the instructions of the probation officer related to the conditions of supervision; (8) You must not commit another federal, state, or local crime; and (9) You must not unlawfully possess a controlled substance [Dkt. 62 at 1-3, Sealed].

The Petition alleges that Defendant committed the following acts: (1) Defendant provided a written and verbal admission that she consumed methamphetamine on November 18, 2019 during an office visit conducted on November 19, 2019; (2) On December 6, 2019, the U.S. Probation Officer called Defendant and left her a voice message with reporting instructions to report to the office on December 9, 2019. She failed to appear. During a phone conversation on December 10, 2019, she admitted she had received the message but did not have any money or transportation to make it to the office. During a phone call on December 11, 2019, she was instructed to report on December 16, 2019. She failed to report. In addition to failing to report in person, Defendant has not submitted a single monthly report while on supervision; (3) After several attempts to contact Defendant, via telephone, to assist her in regaining compliance were made to no avail, a home visit was conducted at 816 Crosstimbers Street, Denton, Texas. She was not there. Furthermore, contact was made with one of her relatives and it was determined Defendant had moved out to an unknown location; (4) While on supervision, Defendant did not gain stable employment. She advised she was working with her sister in commercial cleaning services but was unable to provide verification the employment was full time or at the least consistent; (5) Defendant failed to submit random urine specimens at McCary Counseling Services, Denton, Texas, on December 30, 2019, and on January 7, January 10, and January 22,

2020.  Additionally, on November 19, 2019, she was referred to commence group and individual substance abuse counseling with McCary Counseling Services.  Treatment records indicate she only attended one group session on December 10, 2019; (6) During an office visit October 11, 2019, Defendant was instructed to undergo a mental health evaluation with Dr. Clower, Denton, Texas.  On November 21, 2019, the treatment provider advised Defendant completed the intake paperwork on this date but left because she had to go to work.  She was supposed to return later during the afternoon.  She did not return, and when the provider called her, she advised she was stuck at work.  She agreed to return on December 6, 2019 but failed to report.  As such, she has not participated in mental health treatment; (7) Defendant was continuously instructed to gain compliance by reporting as instructed, attending substance abuse testing and treatment, and completing a mental health evaluation.  She did not comply with any of the instructions given to her; and (8) (9) On February 1, 2021, Defendant was arrested by the Denton, Texas Police Department for the state jail felony offenses of Possession Controlled Substance PG 1<1G and Evading Arrest Detention w/Vehicle or Watercraft; and Fail to Identify Fugitive from Justice.  She also had an outstanding parole and supervised release warrants.  No formal charges have been filed but she remains in custody subject to a $5,000 bond for the Evading Arrest, a $1,500 bond for the Failure to Identify, and also on a U.S. Marshal hold.  According to the offense report, a Denton police officer observed a vehicle in the parking lot of a grocery store.  It appeared the vehicle had been recently spray painted.  He saw someone peer into the front and back passenger windows.  When the individual saw the police officer, he appeared startled and proceeded to go inside the store.  This store is known for significant narcotic and other criminal activity.  A records search revealed the car was registered under a different color and the officer suspected the vehicle to be stolen.  The vehicle left approximately two minutes after the officer initially saw the male standing

next to it. When the officer began driving behind the vehicle, the driver of the vehicle accelerated to a high rate of speed and began driving erratically. The driver continued driving recklessly even after the emergency lights were activated. It was obvious the driver was making attempts to evade detention and was not responding to the emergency equipment. When the vehicle finally stopped, the officer instructed the driver to turn off the vehicle and provided further instructions. The occupants of the vehicle were compliant. The driver identified herself as Denice Suarez and knew she had outstanding tickets. She advised she had borrowed the vehicle from a friend. A records check revealed the car did belong to the registration attached to it. She then provided her name as Alejandra Suarez. A search of the vehicle revealed a marijuana cigar; methamphetamine; two glass pipes in a sunglass case; and two metal marijuana grinders. Upon speaking to the driver, she apologized for fleeing and stated it was her anxiety that caused her to do it. She provided her real name as Cynthia Suarez and advised she had a parole warrant. Officers also found 3 debit cards in the trunk of the card which did not belong to her [Dkt. 62 at 1-4, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegations 1 through 7 of the Petition. The Government dismissed the remaining allegations, specifically allegations 8 and 9. Having considered the Petition and the plea of true to allegations 1 through 7, the Court finds that Defendant did violate her conditions of supervised release.

Defendant waived her right to allocute before the District Judge and her right to object to the report and recommendation of this Court [Dkt. 78].

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that she be committed to the custody of the Bureau of Prisons

to be imprisoned for a term of sixteen (16) months, with a term of supervised release of twenty-four (24) months to follow.

The Court further recommends the imposition of the following special conditions: (1) You must provide the probation officer with access to any requested financial information for purposes of monitoring your efforts to obtain and maintain lawful employment and income; (2) You must participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing; and (3) You must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by your treating physician. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in FCI Fort Worth, if appropriate.

**SIGNED this 25th day of June, 2021.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE