# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | §   CRIMINAL ACTION NO. 4:16-CR-123-ALM-AGD-1 |
| | § |
| CYNTHIA VANESSA SUAREZ | § |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the court is the request for revocation of Defendant Cynthia Vanessa Suarez's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on June 14, 2024, to determine whether Defendant violated her supervised release. Defendant was represented by Michael Pannitto of the Federal Public Defender's Office. The Government was represented by Stevan Buys.

Defendant was sentenced on December 12, 2017, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of Felon in Possession of a Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 16 and a criminal history category of IV, was 33 to 41 months. Defendant was subsequently sentenced to 33 months imprisonment followed by three years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug testing and treatment, mental health treatment, and a GED requirement. On October 10, 2019, Defendant completed her period of imprisonment and began service of the supervision term. On November 20, 2019, this case was transferred to U.S. District Judge Amos L. Mazzant, III. On June 28,

REPORT AND RECOMMENDATION – Page 1

2021, the original term of supervised release was revoked, and Defendant was sentenced to 16 months imprisonment followed by a 24-month term of supervised release.

On May 13, 2024, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #83, Sealed). The Petition asserts that Defendant violated six conditions of supervision, as follows: (1) (mandatory) Defendant must refrain from any unlawful use of a controlled substance; (2) (standard) After initially reporting to the probation office, Defendant will receive instructions from the court or the probation officer about how and when Defendant must report to the probation officer, and Defendant must report to the probation officer as instructed; (3) (standard) Defendant must follow the instructions of the probation officer related to the conditions of supervision; (4) (standard) Defendant must not communicate or interact with someone Defendant knows is engaged in criminal activity. If Defendant knows someone has been convicted of a felony, Defendant must not knowingly communicate or interact with that person without first getting the permission of the probation officer; (5) (special) Defendant must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by Defendant's treating physician. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program; and (6) (special) Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing. (Dkt. #83 at pp. 1–3, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On March 21, 2024, Defendant submitted a urine specimen at Helping Open People's Eyes ("HOPE") in Fort Worth, Texas, which tested positive for methamphetamine. She subsequently admitted to using methamphetamine and signed an admission form stating the same. On April 8, 2024, Defendant submitted a urine sample at HOPE in Fort Worth, Texas, which tested positive for methamphetamine. She subsequently admitted to using methamphetamine and signed an admission form stating the same. On April 29, 2024, Defendant submitted a urine sample at HOPE which tested positive for amphetamines and marijuana. The sample has been forwarded to Alere Laboratory for confirmation; (2) and (3) Defendant failed to report to the U.S. Probation Office in Dallas, Texas, as instructed on April 19, 2024. After failing to report, Defendant was instructed to report to the Salvation Army inpatient substance abuse facility on April 24, 2024; however, she failed to report as instructed; (4) Defendant reported living with Jason Pitts, a friend who has a criminal history consisting of drug possession, theft, assault, and unlawful carrying of a firearm. Additionally, Mr. Pitts has a pending felony drug possession charge in Denton County, Texas from December 2023. Defendant did not have permission to associate with Mr. Pitts; (5) Defendant was referred for a mental health assessment at Phoenix Associates Counseling Services to determine dual diagnosis treatment needs. However, she failed to report for the assessment on February 29, March 5, and March 13, 2024; and (6) Defendant failed to attend substance abuse treatment at HOPE in Fort Worth, Texas, on March 8, April 11, and April 17, 2024. On April 24, 2024, Defendant failed to report to the Salvation Army inpatient substance abuse facility in Dallas, Texas, as instructed. (Dkt. #83 at pp. 1–3, Sealed).

Prior to the Government putting on its case at the final revocation hearing, the Government moved to dismiss allegations (2), (3), and (4). Defendant entered a plea of true to allegations (1), (5), and (6) of the Petition.

Having considered the Petition and the plea of true to allegations (1), (5), and (6), the court finds that Defendant did violate her conditions of supervised release. Defendant waived her right to allocute before the District Judge and her right to object to the report and recommendation of this court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that she be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of thirteen (13) months with no supervised release to follow.

The court further recommends that allegations (2), (3), and (4) be dismissed.

The court finally recommends that Defendant be housed in the Bureau of Prisons Federal Medical Center in the Fort Worth, Texas area, if appropriate.

**SIGNED this 8th day of July, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE